FILED
CHARLOTTE, N. C.

AUG 16 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KERR DRUG, INC. <br><br> Defendant. | CIVIL ACTION NO. 2 05cv 211-H <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Conda Hartsell and Rhonda Cowart, who were adversely affected by the practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Kerr Drug, Inc. discriminated against Conda Hartsell and Rhonda Cowart by refusing to reasonably accommodate their sincerely held religious beliefs and discharging them because of their religion, Christian (Baptist).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the state of North Carolina and the City of Franklin, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Conda Hartsell and Rhonda Cowart filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From approximately December 2003 until January 2004, Defendant engaged in unlawful employment practices at its Franklin, North Carolina store, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Conda Hartsell to discrimination when it failed to accommodate her religion Christian (Baptist) and discharged her because of her religious beliefs and practices. Ms. Hartsell informed Defendant, or Defendant was otherwise made aware, that Ms. Hartsell could not work Sundays or Wednesday nights because she had a sincerely held religious belief that she should attend church

2

services at those times. Beginning around December 2003, Defendant implemented a work schedule which conflicted with Ms. Hartsell's religious beliefs and practices by requiring her to periodically work Sundays and Wednesday evenings. On or about December 20, 2003, Defendant terminated Ms. Hartsell when she refused to work a scheduled Sunday shift. Consequently, Ms. Hartsell was denied a reasonable religious accommodation and discharged because of her religion, Christian (Baptist).

8. From approximately December 2003 until January 2004, Defendant engaged in unlawful employment practices at its Franklin, North Carolina store, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Rhonda Cowart to discrimination when it failed to accommodate her religion Christian (Baptist) and discharged her because of her religious beliefs and practices. Ms. Cowart informed Defendant, or Defendant was otherwise made aware, that Ms. Cowart could not work Sundays or Wednesday nights because she had a sincerely held religious belief that she should attend church services at those times. Beginning around December 2003, Defendant implemented a work schedule which conflicted with Ms. Cowart's religious beliefs and practices by requiring her to periodically work Sundays and Wednesday evenings. On or about January 5, 2004, Defendant terminated Ms. Cowart when she refused to work a scheduled Sunday shift. Consequently, Ms. Cowart was denied a reasonable religious accommodation and discharged because of her religion, Christian (Baptist).

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Conda Hartsell and Rhonda Cowart of equal employment opportunities and otherwise adversely affect their status as employees because of their religion, Christian (Baptist).

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Conda Hartsell and Rhonda Cowart.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from refusing to reasonably accommodate the sincerely held religious beliefs of employees and engaging in any other employment practice which discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees regardless of their religion, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Conda Hartsell and Rhonda Cowart by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Conda Hartsell and Rhonda Cowart by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

4

E. Order Defendant to make whole Conda Hartsell and Rhonda Cowart by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 and 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Conda Hartsell and Rhonda Cowart punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 16th day of August, 2005.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
LYNETTE A. BARNES
Acting Regional Attorney

_____
MARY RYERSE
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6886
Facsimile: 704.344.6780

ATTORNEYS FOR PLAINTIFF

6