# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 2:05cv211 |
| v. | ) CONSENT DECREE |
| KERR DRUG, INC. | )<br>) |
| Defendant. | ) |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Kerr Drug, Inc. discriminated against two aggrieved individuals (hereinafter referred to collectively as "Charging Parties") by refusing to reasonably accommodate their sincerely held religious beliefs and discharging them because of their religion, Christian (Baptist).

The Commission, and Defendant, Kerr Drug, Inc. ("Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice based on religion and made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the Charging Parties the total sum of sixty-five thousand dollars ($ 65,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to each Charging Party in an amount agreed upon by the Commission and Defendant. Defendant shall mail the check to each Charging Party at an address provided by the Commission. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree. Within ten (10) days after the checks have been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the checks and proof of delivery to each Charging Party.

4. Payment of the amount agreed upon in paragraph 3 is conditioned upon Defendant counsel's receipt of a fully executed Release and Settlement Agreement from each Charging Party. Defendant agrees to pay up to two hundred dollars ($200) per Charging Party for each

Charging Party to retain private counsel for the sole purpose of reviewing Defendant's release. Payment shall be made directly to the attorney chosen and designated by each Charging Party.

5. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of the Charging Parties any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 141-2004-01349 and 141-2004-01346 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

6. Defendant agrees to provide both Charging Parties with a positive letter of reference in the form of the letters attached hereto, marked as Appendix A and Appendix B. In addition, if Defendant receives any inquiries regarding the employment of either Charging Party, in lieu of an oral response, Defendant shall provide a copy of the appropriate aforementioned letters. Within ten (10) days of responding to any inquiry regarding the employment of either Charging Party, Defendant shall report compliance to the Commission, including the name and address of the person or entity to whom the letter was provided.

7. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall adopt a formal, written procedure for addressing requests for religious accommodation received from employees. Defendant shall distribute a copy of the written procedure to each current manager and supervisor within the aforementioned 30-day time period. Within forty-five (45) days of the entry of this Decree, Defendant shall report compliance to the Commission.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors in Defendant's District One. The stores that are located within District One are identified on the attached Appendix C. The training program

shall include an explanation of the prohibition against religious discrimination, the requirements for religious accommodation and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964. The training program shall also include an explanation of Defendant's procedure referenced in paragraph 7 above, and an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Defendant's procedure.

The first training program shall be completed within sixty (60) days after entry of the Decree by the Court. Thereafter, Defendant shall conduct training for its managers and supervisors in Defendant's District One at approximately 1-year intervals throughout the term of this Decree. At least fifteen (15) days prior to each training program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of the training program, Defendant shall certify to the Commission the specific training that was undertaken and shall provide the Commission with a roster of all persons in attendance.

9. During the term of this Decree, Defendant shall distribute the procedure referenced in paragraph 7 to all newly hired or promoted managers and supervisors in District One at the time of hire or at the time of promotion into a manager or supervisor position. Defendant agrees to provide the training referenced in paragraph 8 above, to all newly hired managers or supervisors within fifteen (15) days of hire or promotion into a manager or supervisor position.

10. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix D, hereby made a part of this Decree, in a place where it is visible to employees at its store located in Franklin, North Carolina ("Franklin store"). If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the

Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6)-month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports shall include the following information:

   A. The identities of all individuals in District One who requested a religious accommodation, including by way of identification each person's name, last known telephone number and address, social security number, and job title;

   B. For each individual identified in 11.A. above, provide a detailed description of the individual's request;

   C. For each individual identified in 11.A. above, provide a detailed description of what action, if any, Defendant took in response to the request, and a description of all proposed accommodations;

   D. For each individual identified in 11.A. above, if the request for a religious accommodation was denied, provide all reasons why the request was denied.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Decree. As part of a review for compliance with the notice-posting provision in paragraph 10, the Commission may inspect Defendant's Franklin, North Carolina store and interview employees, supervisors and managers.

Upon arrival at the Franklin store, the Commission's representative shall notify the individual in charge of the Franklin store on the day of the inspection.

13. If anytime during the term of this Decree, the Commission suspects that Defendant is in violation of the Decree, other than a violation of paragraph 10, the Commission shall provide Defendant with twenty-four (24) hours notice of its intent to conduct an inspection at Defendant's store(s). The Commission's representative shall notify Defendant's Vice President of Human Resources, Briony Voorhees, of the upcoming inspection. Notification shall be made by email to Ms. Voorhees at an email address to be provided to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202. After the inspection, the Commission shall give notice of any alleged violation(s) to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of twenty (20) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law. The parties agree that this Decree does not supersede the procedural requirements of 29 C.F.R. §§ 1601.6 to 1601.17 with respect to receipt and investigation of charges of discrimination.

14. The term of this Decree shall be for two (2) years from its entry by the Court.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: February 15, 2006

Lacy H. Thornburg
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


    s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney (N.C. Bar No. 19732)
e-mail: lynette.barnes@eeoc.gov


    s/ Mary M. Ryerse
MARY M. RYERSE (S.C. Bar No. 68387)
Trial Attorney
e-mail: mary.ryerse@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: 704.344.6886

Dated this 10th day of February 2006.

**KERR DRUG, INC.**, **Defendant**

    s/ Frank P. Ward, Jr.
FRANK P. WARD, JR. (N.C. Bar No. 4560)
e-mail: fward@maupintaylor.com

    s/ Joshua M. Krasner
JOSHUA M. KRASNER (N.C. Bar No. 19132)
e-mail: jkrasner@maupintaylor.com

MAUPIN TAYLOR, P.A.
3200 Beechleaf Court, Suite 500
Post Office Drawer 19764
Raleigh, NC 27619-9764
Telephone: 919.981.4000